IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN M. HEIZER and
FD & C TRUST,

    Plaintiffs,

v.                                                      No. 14-CV-516 MCA/GBW

WILLIAM DENT and
JUDITH CAMPBELL CLANCY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the *Information Sheet for T.R.O.* [Doc. 2] filed by John M. Heizer on May 30, 2014, which the Court construes as a request for a preliminary injunction; the *Motion of Defendant, William Dent, to Dismiss the Complaint or, in the Alternative, to Strike the Complaint Pursuant to Rule 12B(1), (6) and (F)* [Doc. 13], joined by Defendant Judith Campbell Clancy [Doc. 14]; and the *Motion to Amend the Complaint* [Doc. 25] filed by John M. Heizer.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court consolidates the request for a preliminary injunction with the merits, concludes that no hearing is necessary, **STRIKES** the Complaint and pleadings to the extent that they name the FD&C Trust as a Plaintiff and seek relief for the FD&C Trust; **DENIES** the *Motion to Amend the Complaint* [Doc. 25]; **DENIES** the injunctive relief requested [Doc. 2]; and **GRANTS** the Motion to Dismiss.  [Doc. 13]

1

**I.     BACKGROUND**

This is a *pro se* civil action brought by "John M. Heizer & FD&C Trust," in which Mr. Heizer has been ostensibly representing the FD&C Trust. [Doc. 1] Mr. Heizer's filings are at times unintelligible. Mr. Heizer asserts that he and the FD&C Trust are citizens of New Mexico and that Defendants William Dent and Judith Campbell Clancy are citizens of Colorado. [Doc. 1, pp. 1-2] The Complaint identifies Mr. Dent as "owner" and states that the claim against Mr. Dent arises under color of state law because the "Special Master named resides in N.M. and Writ of Assistance is being executed by the San Juan County, N.M. Sheriff's Dept." [Doc. 1, p. 1] Judith Campbell Clancy is identified as a "loan facilitator" and the Complaint alleges that the claim against her arises under color of state law because "Closing in Farmington, N.M. and New Mexico Special Master & New Mexico (San Juan Cty) Sheriffs dept. law enforcement." [Doc. 1, p. 2]

The nature of the case is stated as follows:

An asset based loan [and] mortgage with an [unlicensed lender] turned into a foreclosure action in 11th Judicial District Court, San Juan County, that went on for about 2 years ±. Very early in that case me and a man trying to help me were told by Judge Camille Olguin we could not represent in or defend in that case and everything we had filed was stricken. We filed an appeal on that ruling [and] order which was completely disregarded. The entire proceeding proceeded ex parte between the Judge & plaintiff: William Dent's Counsel from that point and went to special master & Writ of Assistance without further participation from my side.

[Doc. 1, p. 2] Plaintiffs describe the previous lawsuits and administrative relief as including a case filed in the Eleventh Judicial District by William Dent against John M.

2

Heizer, the FD&C Trust and others, the attempted appeal, and a Federal Bankruptcy Court case which is described as "eventually dismissed." [Doc. 1, pp. 4-5]

Plaintiffs bring three causes of action. Under Count I, "Violation of due process rights," Plaintiffs allege they were "not allowed to participate in hearings[] and complete disregard of an appeal we filed[] including forma pauperis application." [Doc. 1, p. 3] Count II is for "conversion: of our property to Dent without due process or payment" because of the "special Master's deed [and] writ of assistance[.]" [Doc. 1, p. 3] Count III is for "predatory lending" because "loan [and] mortgage brokering without a [license] in violation of federal & state lending laws." [Doc. 1, p. 4] The requested relief is:

> 1) That our right to due process be allowed & compelled. 2) That Dent & Clancy's actions be reviewed in the light of Predatory lending. 3) That the Special Master's Report & Deed be found in error and set aside. 4) And that the Writ of Assistance should be restrained [until] all these issues can be heard in Court. 5) My exempted property ownership rights be [upheld].

[Doc. 1, p. 5]

Plaintiffs filled in and filed a form entitled *Information Sheet for T.R.O.* on the same day as the Complaint was filed. [Doc. 2] Where the form asked for the description of the "precise statement of activity sought to be restrained or compelled," Plaintiffs state:

> Writ of Assistance-restrained[.]  San Juan County sheriffs in executing a Writ of Assistance on [foreclosed] real Property are infringing on property that is not part of the [foreclosed] property and are doing serious damage to my business [including] one possible heart attack of one of my [tenants] of my RV Park.  Due Process Rights. Compelled.

[Doc. 2]

Mr. Heizer has also filed a *Request for Writ of Mandamus on San Juan County New Mexico*, submitting, among other things, that the County of San Juan moved certain property belonging to him into the name of the FD&C Trust "without due process, legal cause or recorded Deed." [Doc. 11, p. 1] Mr. Heizer requests that "the Court find the Special Master's Deed in error and declare it [null] and void and that the San Juan County [Assessor's] office be forced under WRIT OF MANDAMUS to return the [4 acre] (174,525 square feet) D&RGW Railroad Right-of-Way property back into the name of the legal owner John M Heizer." [Doc. 11, p. 2] Mr. Heizer attaches deeds pertaining to the property at issue as well as the Special Master's Deed entered in *William Dent v. John Michael Heizer, trustee under Trust Agreement Dated March 16, 1983, Judith E. Campbell Clancy, John David Heizer, Sandra A. Price, Michael Kilpatrick, Larry Rhodes, and L.R. Fitzgerald as Trustee of the FD&C Trust*, NO. D:1116-CV-2011 1319-8, in the Eleventh Judicial District Court, County of San Juan, State of New Mexico. [Doc. 11, pp. 3-13] The Special Master's Deed grants to William Dent certain land which Mr. Heizer appears to be arguing included his separate land. [Doc. 11, pp. 2, 12-13] Mr. Heizer also filed a *Promulgation of Ownership of the "Tract 2-Life Estate Parcel" on the Amended Boundary Survey for John M. Heizer Prepared by Souder, Miller & Associates*. [Doc. 12]

Defendant Dent has moved to dismiss this case on various grounds, which Defendant Campbell Clancy joins. [Docs. 13, 14] Mr. Dent seeks dismissal due to lack of subject matter jurisdiction, the failure to state a claim, and the *Rooker-Feldman* doctrine, and he seeks to strike the complaint on the ground that FD&C Trust has acted

4

*pro se* in violation of D.N.M. LR-Civ. 83.7 and that Mr. Heizer does not have standing to sue as he was not a party to the state court action. [Doc. 13, pp. 1-2] Defendant Dent attaches various records from the State Court proceeding to his motion, including the *Judgment, Decree of Foreclosure, and Appointment of Special Master*, entered on May 30, 2013. [Doc. 13-1] In the Judgment, the District Court finds:

> 4. The Defendant, John Michael Heizer, Trustee under Trust Agreement Dated March 16, 1983, failed to file an answer or other responsive pleading to the original complaint within 30 days of service. Said Defendant further failed to comply with the Court's order requiring him to retain licensed counsel and to file an answer or other responsive pleading to the First Amended Complaint on or before June 22, 2012.
> 5. The Defendant, L.R. Fitzgerald, Trustee of the FD&C Trust is in default for failing to comply with the Court's order requiring him to retain licensed counsel and to file an answer or other responsive pleading to the First Amended Complaint on or before June 22, 2012.
> 6. L.R. Fitzgerald, purportedly in his capacity as Trustee of the FD&C Trust, filed numerous pleadings in the case, as did Defendant John Michael Heizer, Trustee under Trust Agreement Date[d] March 16, 1983, all of which pleadings were stricken by order of the Court in open court on May 18, 2012.

[Doc. 13-1, pp. 2-3] The Judgment grants an "in personam judgment against Defendant, John Michael Heizer, Trustee of the Trust Agreement dated March 16, 1983, in the amount of $537,146.84[,]" [Doc. 13-1, p. 6 ¶ A], orders that the interest of the parties in the property is foreclosed, and appoints a special master to sell the real property. [Doc. 13-1, p. 7 ¶ C] Also attached to Mr. Dent's Motion to Dismiss is an *Order for Injunctive Relief* filed on July 24, 2012 in the State Court proceeding enjoining L.R. Fitzgerald and John M. Heizer "from any further unauthorized practice of law in the above styled and numbered cause and enjoining L.R. Fitzgerald and John M. Heizer against filing any pleading on behalf of any entity, trust or other individual." [Doc. 13-1, p. 17] Also

5

attached is John Michael Heizer's purported *Notice of Appeal*, which is apparently addressed to "the United States District Court for the Tenth District of New Mexico." [Doc. 13-1, p. 22]  The *Notice of Appeal* does not indicate that it was served on the New Mexico Court of Appeals or any other Court, or that any other provision of the New Mexico Rules of Appellate Procedure were filed.  *See* N.M.R.A. 12-202(E)(3).  Also attached is the *Order Approving Report of Special Master and Providing for Issuance of Writ of Assistance*, dated July 30, 2013.  [Doc. 13-2, p. 6]  This Order states that William Dent purchased the property in accordance with the law and orders that "Purchaser is entitled to a Writ of Assistance directed to the Sheriff of San Juan County, New Mexico, commanding him/her to immediately place the Purchaser in possession of the Real Property using such reasonable force as may be necessary to remove any occupier of the Real Property." [Doc. 13-2, p. 6]

    Mr. Heizer responded to the Motion to Dismiss by relying on the allegations in the Complaint and his other filings and stating that "the relief requested is that those 2 parcels be returned to the name of John M. Heizer in their entirety and that the Court rebuke the Writ of Assistance and instruct William Dent to cease any further attempts to take possession of personal real property owned by John M. Heizer which has been at risk." [Doc. 19, p. 1]  Mr. Heizer also filed a *Stipulated Motion to Dismiss the FD&C*

6

*Trust* in which he requested to dismiss the FD&C Trust because "L.R. Fitzgerald as Trustee of the FD&C Trust has no further interest" in the subject property.[1]  [Doc. 18]

Mr. Heizer has also filed *Motion to Amend the Complaint* which adds some factual detail:

> 1)  In 1977 I John M. Heizer purchased a 4 acre tract of land known as the D&RGW Railroad-Right-of-Way Parcel which I was given first option to purchase as the adjoining land owner by San Juan County after the railroad right-of-way had been abandoned and given to San Juan County to [dispense] with it in, in its entirety.
> 2)  In 2012 San Juan County New Mexico illegally [transferred] that Parcel into the FD&C Trust causing it to be misappropriated by the Special Master and Special Master's Deed even though the Special Master should have known that William Dent's application for Default Judgment was filed against the John M. Heizer Trust dated March 16, 1983, not John M. Heizer, personally.

[Doc. 25, p. 1]  Mr. Heizer requests the following relief in his *Motion to Amend the Complaint*:

> First, that San Juan County New Mexico be named in this case as a defendant.
> Second, that a summons be issued in the name of San Juan County New Mexico Assessor's Office.
> Third, that a subpoena be issued to San Juan County New Mexico for [copies] of all documents and records pertaining to the transfer of John M. Heizer real personal property described above.

[Doc. 25, p. 1]

Finally, Mr. Heizer has now filed a *REQUEST that the MOTION for Temporary Restraining Order by John M. Heizer be allowed Under Rule 12(a)(1)(A)(1) for failure to*

---

[1] The document, which is purportedly "stipulated," does not indicate the concurrence by Defendants Dent or Clancy, but states that Mr. Fitzgerald "will sign off on it."  [Doc. 18, p. 2]  Nonetheless, neither Dent nor Clancy have opposed the Motion.

7

*Object or Respond Timely* [Doc. 22] and an *Amended Request for Hearing on TRO*.[2] [Doc. 24]

**II.　ANALYSIS**

　　**A.　The Court Strikes the Filings on Behalf of the FD&C Trust**

Defendant Dent moved to strike the Complaint, in part on the ground that the FD&C trust cannot represent itself *pro se* pursuant to Local Rule of Civil Procedure 83.7. After Mr. Dent filed this Motion, Mr. Heizer filed a Motion to Dismiss the FD&C Trust. [Doc. 18] To the extent that the Complaint was brought naming FD&C Trust as a Plaintiff and seeking relief for the FD&C Trust, the Court strikes the Complaint. Fed. R. Civ. P. 12(f); s*ee also Lee v. Catron*, 203 P.3d 104, 105 (N.M. Ct. App. 2008) ("It is only where a trustee is the sole beneficiary that the trustee may represent a trust or an estate pro se."); D.N.M. LR-CIV 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court."); *see also Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (non-lawyer trustee cannot represent the trust in federal court).

　　**B.　The Court Dismisses Mr. Heizer's Claims**

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013). Mr. Heizer only expressly identifies one ground for jurisdiction: 42 U.S.C. § 1983. [Doc. 1] However, the Complaint fails to state a claim under Section 1983. *See Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1208-09 (10th Cir. 2005) (stating that a party is not acting under

---

[2] In light of the dismissal of all claims, however, these motions are moot.

color of law solely by complying with a state court order); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks and citations omitted)).

However, liberally construing Mr. Heizer's *pro se* Complaint, Mr. Heizer alleges "predatory lending" which could be considered a federal claim and thus be a basis for jurisdiction. Nonetheless, the only allegation related to predatory lending is there was an unlicensed mortgage broker. This allegation alone is insufficient to state a claim for relief, and in particular the injunctive relief requested by Mr. Heizer. *Iqbal*, 556 U.S. at 678; *see also* 15 U.S.C. § 1639b.

Mr. Heizer's allegations of violation of due process also raise a question of federal jurisdiction. However, all indications are that Mr. Heizer is bringing this suit not in his capacity as Trustee, but as an individual, and thus he does not have standing to challenge the actions of the State Court in his individual capacity. *C.f. Turner v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004) (concluding that the plaintiff lacked standing to assert a claim belonging to the bankruptcy estate). Additionally, Mr. Heizer's allegations are insufficient to state a claim for relief, including the allegation that "[v]ery early in [the state case] me and a man trying to help me were told by Judge Camille Olguin we could not represent in or defend in that case and everything we had filed was stricken." [Doc. 1, p. 2] As suggested by Plaintiffs' Complaint, and shown by the attachments to Defendant Dent's *Motion to Dismiss,* John M. Heizer, a non-attorney, was not allowed to act as an attorney because the case was against "John Michael Heizer, trustee Under

9

Trust Agreement Dated March 16, 1983." [Doc. 1, Doc. 13-1, p.2] The State Court acted well within New Mexico law in preventing the unauthorized practice of law. S*ee also Lee v. Catron*, 203 P.3d 104 (N.M. Ct. App. 2008)("It is only where a trustee is the sole beneficiary that the trustee may represent a trust or an estate pro se."). Moreover, Mr. Heizer was informed that he must obtain an attorney and *afforded the opportunity* to hire an attorney and file a responsive pleading, but failed to do so. [Doc. 13-1, p. 2] Accordingly, this is not a case of lack of due process, but a case of the failure of John Michael Heizer, Trustee Under Trust Agreement Dated March 16, 1983, to comply with state law and a lawful court order. *Garrett v. Selby Conner Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (stating that *pro se* parties must "follow the same rules of procedure that govern other litigants" (internal quotation marks and citation omitted)).

Further, to the extent that Mr. Heizer is seeking review of the Writ of Assistance and the Special Master's Deed [Doc. 1, p. 5], or an injunction by this Court enjoining state officials from enforcing the Writ of Assistance [Doc. 2], this Court lacks the authority to take such action. The *Rooker-Feldman* doctrine precludes this Court's review of final actions by the state Court. *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 644 n. 3 (2002) ("The *Rooker–Feldman* doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments."); *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) (stating that the *Rooker-Feldman* doctrine bars claims "complaining of injuries caused by state-court judgments" (internal quotation marks and citation omitted)). To the extent Mr. Heizer is requesting a *Writ of*

*Mandamus*, he has not satisfied his "burden of showing that his right to issuance of the writ is clear and indisputable." *Kerr v. U.S. Dist. Court for N. Dist. of California*, 426 U.S. 394, 403 (1976) (internal quotation marks, citations and alterations omitted); *see also* 28 U.S.C. § 1361 (allowing a federal district court to issue a writ of mandamus only against *federal* officers and employees).

The Court also concludes that Mr. Heizer's *Motion to Amend the Complaint* [Doc. 25] continues to fail to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Accordingly, Mr. Heizer's *Motion to Amend the Complaint* [Doc. 25] is denied. *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (stating that motion to amend a complaint should be denied as futile if, notwithstanding the amendment, the complaint would be subject to dismissal).

As a final matter, this Court intends to make it clear to Mr. Heizer that, just as he must follow all applicable rules in State Court, in Federal Court he must follow the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure. *Garrett*, 425 F.3d at 840 (stating that pro se parties must "follow the same rules of procedure that govern other litigants" (internal quotation marks and citation omitted)). Moreover, he is not at liberty to file frivolous claims or engage in the unlicensed practice of law or he will face sanctions. Fed. R. Civ. P. 11; N.M.S.A. 1978, § 36-2-27 (1999).

### III.   CONCLUSION

**WHEREFORE, IT IS HEREBY ORDERED** that all claims and pleadings by the FD&C Trust are stricken and the FD&C Trust is dismissed as a party.

**IT IS FURTHER HEREBY ORDERED** that the *Motion of Defendant, William Dent, to Dismiss the Complaint or, in the Alternative, to Strike the Complaint Pursuant to Rule 12(b)(1), (6) and (F)* is hereby **GRANTED.**

**IT IS FURTHER HEREBY ORDERED** that Mr. Heizer's *Motion to Amend the Complaint* [Doc. 25] is **DENIED**.

**IT IS FURTHER HEREBY ORDERED** that Mr. Heizer's claims are dismissed in their entirety.

**SO ORDERED** this 31st day of July, 2014 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge, United States District Court